UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SJ PROPERTIES SUITES, BUYCO, EHF;
SJ FASTEIGNIR, EHF; and,
ASKAR CAPITAL, HF;

                  Plaintiffs,

and,

SETH E. DIZARD,
Court-Appointed Receiver of DOC
Milwaukee LP;

                  Intervenor Plaintiff,

v.                                                    Case No. 09-C-0533

DEVELOPMENT OPPORTUNITY CORP.;
STJ, P.C., d/b/a ECONOMOU PARTNERS;
EP MILWAUKEE, LLC;
DOC DEVELOPMENT MILWAUKEE, LLC;
ECONOMOU PARTNERS
CONSTRUCTION, INC.;
DOC FT. MYERS, LLC;
JOHN W. ECONOMOU;
STEVE J. ECONOMOU;
THOMAS V. ECONOMOU;
BRENDA J. YURICK; and,
PHILLIP E. HUGH;

                  Defendants.

**SJ PROPERTIES SUITES, BUYCO, EHF;**

                **Plaintiff,**

**and,**

**SETH E. DIZARD,**
**Court-Appointed Receiver of DOC**
**Milwaukee LP;**

                **Intervenor Plaintiff,**

**v.**                                                **Case No. 09-C-0569**

**DOC MILWAUKEE II, LLC;**
**DEVELOPMENT OPPORTUNITY CORP.;**
**and**
**EP MILWAUKEE, LLC;**

                **Defendants.**

## DECISION AND ORDER

       A number of motions are pending in the above captioned cases. The motions for consolidation and to intervene will be addressed in this Decision and Order.

**Consolidation**

The Plaintiffs in the above captioned actions, case numbers 09-C-533 and 09-C-569, (the "533 action" and the "569 action," respectively) filed motions to consolidate the actions pursuant to Federal Rule of Civil Procedure 42 and Civil Local Rule 42.1(a) of this District. In accord with Civil Local Rule 42.1(a), this Court is addressing the motion to consolidate in the lower case number, the 533 action. The time for filing a response to the motions to consolidate has passed, *see* Civil Local Rule 7.1(a), without any response to the motions from any of the Defendants.

Under the Federal Rule of Civil Procedure Rule 42(a), if multiple actions "before the court involve a common question of law or fact, the court may: join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." In deciding whether to consolidate cases, courts exercise broad discretion and try to consolidate where possible. *United States v. Knauer,* 149 F.2d 519, 520 (7th Cir. 1945). Consolidation is preferred to avoid unnecessary duplication of efforts in related cases and promote judicial economy and efficiency. *Equal Employment Opportunity Comm'n v. G-K-G, Inc.*, 39 F.3d 740, 745 (7th Cir. 1994). *See also Knauer*, 149 F.2d at 520. However, if consolidation is certain to lead to confusion or prejudice the actions should not be consolidated. *Knauer*, 149 F.2d at 520.

Here both actions relate to a common core of factual questions: that is; they relate to the (1) same construction project, a hotel and condominium real estate development project; (2) the same property located at 1150 North Water Street, in downtown Milwaukee,

Wisconsin (the "Milwaukee Project"); and, (3) involve many of the same parties. In addition, to avoid unnecessary duplication of efforts, consolidation of the actions would be highly efficient and economical. The examination of the common factual questions will likely involve discussion of the same exhibits and testimony. Absent consolidation, two judges of this district would expend valuable time and effort considering the same evidence twice. Such duplication is inconsistent with the Court's goal of efficiency. Therefore, the unopposed motion for consolidation in the 533 action is granted. In light of such determination, the unopposed motion for consolidation in the 569 action is dismissed.

Civil Local Rule 42.1(b) (E.D. Wis.) states: "[w]hen two or more cases are consolidated, all documents relevant to the purposes for which consolidation was granted will thereafter be docketed only on the docket sheet for the lowest numbered of the consolidated cases." Accordingly, the parties must file all documents concerning the actions in the 533 action.

**Motion to Intervene**

In the 569 action, Proposed Intervenor Plaintiff Seth E. Dizard ("Dizard"), the state court-appointed receiver of DOC Milwaukee LP ("DOC LP") filed a motion to intervene. Dizard's motion relies on Rule 24(a) and (b) of the Federal Rules of Civil Procedure and proffers the affidavit of Gregory W. Lyons ("Lyons Affidavit"), in support of the motion. Dizard relies on the July 8, 2009, order of the Milwaukee County Circuit Court appointing him as receiver for DOC LP, pursuant to Wisconsin Statutes Chapter 128 and

4

Section 179.73 of the Wisconsin Statutes.[1] (*See* Lyons Aff. ¶ 2, Ex. 1.) That order authorizes Dizard "[t]o bring and prosecute all proper actions for the: (a) collection of revenues derived from the property of [DOC LP][;] (b) removal from the property of [DOC LP] of persons not entitled to entry thereon [;] (iii) [sic] protection of the property of [DOC LP] [;] and (c) any damage caused to the property of [DOC LP]." (Lyons Aff., Ex. 1 ¶ 9(d).) Dizard states that Plaintiff SJ Properties Suites, BuyCo, ehf ("BuyCo") and Defendant Development Opportunity Corporation ("Development Opportunity") are partners in DOC LP and, as the receiver of DOC LP, he has the fiduciary duty to investigate and preserve all assets of DOC LP for the benefit of creditors, as well as to make a determination regarding the extent and validity of all such creditors, including those of the parties to the action.

BuyCo filed a response stating that the Court should allow Dizard to intervene because the Court's determination of the ownership of DOC LP will have a fundamental impact on Dizard's responsibility as the receiver to preserve the assets of DOC LP. None of the Defendants have responded to the motion and the time for any such response has passed.

On September 15, 2009, this Court granted a similar motion to intervene filed by Dizard in the 533 action, relying on Rule 24(a) of the Federal Rules of Civil Procedure. As to intervention as of right, Rule 24(a) provides that:

> [on] timely motion, the court must permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by a federal statute; or

---

[1]Section 179.73 of the Wisconsin Statutes relates to the wind-up of a limited partnership's affairs, and authorizes, upon a showing of cause, a state circuit court to direct a wind-up.

> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The applicable case law was summarized by the Court at pages six through eight of its September 15, 2009, Decision and Order in the 533 action and is relied upon by the Court, without reiteration.

As with the 553 action, although Dizard's motion describes the ground for his intervention, it is not accompanied by any proposed intervenor pleading. The procedural defect is not necessarily fatal to the motion because the Court of Appeals for this Circuit does not "take an inflexible view of this rule; if no prejudice would result, a district court has the discretion to accept a procedurally defective motion." *See United States v. City of Milwaukee*, 144 F.3d 524, 528-29 n.8 (7th Cir. 1998) (citing *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 595 (7th Cir. 1993)). The parties have not commented on the absence of any proposed intervenor pleading or on any resultant prejudice, nor is there any obvious prejudice to the parties. Thus, this Court may further consider Dizard's motion, despite the procedural defect.

In seeking to intervene, Dizard states that BuyCo and Development Opportunities are partners in DOC LP and that he needs to intervene to protect the interests of the creditors of DOC LP. As DOC LP's receiver, Dizard has a duty to investigate and preserve, by prosecution if necessary, any and all of DOC LP's assets for the benefit of creditors, as well as to make a determination regarding the extent and validity of all such

6

creditors, including those of the parties to the action. Dizard states that "upon information and belief," each of the partners in DOC LP, independently of one another is seeking financiers to complete the construction. (Brief Support Mot. Intervene 3.) Dizard believes that completion of the Milwaukee Project is in the best interests of all concerned, as well as the creditors of DOC LP. Dizard states that each partner is offering such financiers some portion of their respective ownership stake in exchange for financing but that until potential financiers can determine, to their own satisfaction, how much of an ownership stake they can expect to receive, none are willing to commit. Thus, Dizard states that it is essential for the Court to make a determination as to the ownership percentages, and that it do so as expeditiously as possible.

BuyCo, as the Plaintiff, relies upon diversity jurisdiction pursuant to 28 U.S.C. § 1332, and seeks declaratory judgment resolving disputes between the owners of the DOC LP partnership – BuyCo; Defendants DOC Milwaukee II, LLC ("DOC II"); Development Opportunity; and, EP Milwaukee, LLC ("EP") – regarding which entity has the authority to act on behalf of the partnership as the legitimate general partner, and the correct percentages of their respective ownership interests and voting rights. The Court concludes that Dizard has a sufficient interest for intervention because the Court's determination as to the ownership of DOC LP will have a fundamental impact on Dizard's task of preserving the assets of DOC LP and, defining the ownership interest of the Milwaukee Project is essential to allow Dizard to facilitate the best use of the Milwaukee Project for the benefit of creditors.

7

Turning to the question of timeliness, although this action was commenced in early June 2009, Dizard was not appointed as DOC LP's receiver until July 8, 2009. Dizard filed his motion to intervene in this action on August 5, 2009. Under these circumstances, Dizard's motion is timely.

Dizard's direct, significant, and legally protectable interest in this litigation is established by the state circuit court's July 8, 2009, order appointing him as the receiver for DOC LP and authorizing him to bring and prosecute all proper actions on behalf of DOC LP so as to preserve the assets of its creditors. At this juncture and having considered the disputes between the partners in DOC LP, including that the Plaintiff is BuyCo, a partner in DOC LP, and that two Defendants, Development Opportunities and EP, are partners in DOC LP, the Court is satisfied that Dizard has established the adequacy of his interest in this action. The determination as to the rightful ownership interests of the DOC LP partners will have a critical impact on Dizard's role as receiver and his obligation to represent the interests of DOC LP's creditors.

Furthermore, Dizard's interests, as the court-appointed receiver, are not adequately protected by any of the current parties in this action. Unlike the current parties, Dizard has the obligation to act on behalf of the creditors of DOC LP. Finally, Dizard is obligated under section 128.17(1)(h) of the Wisconsin Statutes to return any excess funds to DOC LP's owners and needs to secure financing to preserve the value of the assets. Those obligations will be potentially impacted by the prosecution of this action. Therefore, the Court concludes Dizard has demonstrated potential impairment of his interests in a

8

subsequent proceeding. In light of the foregoing, Dizard's motion to intervene under Rule 24(a)(2) is granted.

The Court has also considered Dizard's request to intervene under Rule 24(b). As with the 533 action, neither the timeliness of his motion nor prejudice to the existing parties would bar Dizard's intervention. Furthermore, Dizard has established that his claims involve common questions of fact and law. However, as explained more fully in the Court's September 15, 2009, Decision and Order in the 533 action, Dizard has not addressed the existence of an independent basis for jurisdiction or provided the Court with sufficient information for it to make that determination. The Court has insufficient information to allow permissive intervention under Rule 24(b), and will not allow intervention under Rule 24(b).

**Subject Matter Jurisdiction**

This Court's September 15, 2009, Decision and Order in the 533 action at pages two through four, directed the Plaintiffs to file an amended complaint providing additional information regarding the citizenship of the parties. The principles underlying that directive come into play again with the 569 action. BuyCo, as the proponent of federal subject matter jurisdiction in this case, bears the burden of proof as to the existence of such jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006) (citing *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)).

Thus, without reiterating the entire rationale underlying the Court's concern, the Court requests that BuyCo clarify, in an amended complaint, the nature of its business structure for purposes of diversity jurisdiction. Furthermore, with respect to the two

9

Defendant limited liability corporations in the 569 action, EP and, DOC II, the Complaint identifies "upon information and belief" the "managers" of EP and DOC II. However, the key to determining the citizenship of a limited liability corporation is its members because a limited liability corporation has the citizenship of all its members. *See Intec USA, LLC v. Engle*, 467 F.3d 1038, 1041 (7th Cir. 2006). To establish the existence of diversity jurisdiction over this action, BuyCo must allege the identities of the members of EP and DOC II, and the citizenship of each of those members. For purposes of diversity jurisdiction, an individual's citizenship is determined by the individual's domicile. *See Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). Additionally, allegations based "upon information and belief" are insufficient to establish subject matter jurisdiction. *See Am.'s Best Inns, Inc., v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992). BuyCo will be required to file an amended complaint that includes the missing jurisdictional information no later than November 30, 2009.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Plaintiff's motion to consolidate in Case No. 09-C-533 (Docket No. 70) is **GRANTED**;

The Plaintiffs' motion to consolidate in Case No. 09-C-569 (Docket No. 73) is **DISMISSED**;

In light of such consolidation:

Pursuant to Civil Local Rule 42.1(b), the parties must **FILE** all documents concerning Case No. 09-C-533 and Case No. 09-C-569, in Case No. 09-C-533.

Dizard's motion to intervene in Case No. 09-C-533 (Docket No. 20) is **GRANTED** pursuant to Federal Rule of Civil Procedure 24(a)(2).

BuyCo **MUST FILE** an Amended Complaint that includes the subject matter jurisdiction allegations as outlined in this Decision and Order no later than **November 30, 2009**.

Failure to file an amended complaint as ordered will result in dismissal of this action for lack of subject matter jurisdiction.

Dated at Milwaukee, Wisconsin this 10th day of November, 2009.

                                      **BY THE COURT**

                                      *s/ Rudolph T. Randa*
                                      **Hon. Rudolph T. Randa**
                                      **U.S. District Judge**